Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERFINA GARCIA, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GONE INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**Federal Fair Debt Collection Practices Act [15 U.S.C. § 1692 et seq.]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, FERFINA GARCIA ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this action against Defendant, GONE INC. ("Defendant"), alleging the following upon information and belief based upon personal knowledge:

## INTRODUCTION

1.      Plaintiff brings this class action on behalf of all individuals who received collection letters from Defendant wherein Defendant harassed consumers and used deceptive means in attempting to collect alleged debts, thereby violating the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION & VENUE

2.      This Court has original jurisdiction over this matter because it arises under the laws of the United States.  Therefore, Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3.      A substantial part of the events giving rise to this action occurred in the County of San Joaquin, California.  Venue is therefore proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff is a natural person residing in San Joaquin County, California who allegedly owed or owes a debt and is thereby a "consumer" under the FDCPA, 15 U.S.C. § 1692a(3).

5.      At all relevant times herein, Defendant was a company engaged, by

use of emails, in the business of collecting a debt from Plaintiff and others which qualifies as a "debt" under the FDCPA, 15 U.S.C. § 1692a(5).  Defendant regularly attempts to collect debts alleged to be due them or another, and therefore is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.      Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.      Last year, Defendant began contacting Plaintiff in an effort to collect

on a debt allegedly owed to Torcello Apartments.

9.     Defendant sent Plaintiff a letter dated September 13, 2016 in an effort to collect on "back rent, cleaning, painting, etc., which was done after [Plaintiff's] departure from [Torcello Apartments]".

10.    Defendant stated in the letter that Plaintiff is responsible for an interest rate of ten percent on the account being held by Defendant.

11.    Defendant stated in the letter that Plaintiff is or will be responsible for additional charges in connection with collection on the alleged debt unless Plaintiff pays it.

12.    Defendant stated in the letter that failure to comply with Defendant's terms stated therein will result in the referral of the debt to Defendant's agent who will charge Plaintiff further fees or interest.

13.    Moreover, Defendant made vague threats and innuendoes in connection with collection on the debt.  E.g., Defendant "[t]his is an attempt to help you settle this account *amicably*" (emphasis added), thereby implying that hostile action will be taken unless Plaintiff agrees to Defendant's terms stated in the letter.

14.    Furthermore, Defendant made no representations or disclosures as to its obligations to Plaintiff under the FDCPA or Plaintiff's rights thereunder.

15.    Given the disproportionate bargaining power between Defendant and Plaintiff, the aforementioned representations and collection efforts by Defendant

are likely to mislead and confuse the least sophisticated consumer as to their own rights and obligations and those of Defendant.

16.     As a direct and proximate result of Defendant's conduct, Plaintiff felt harassed, annoyed, anxious, threatened, and deceived.

## CLASS ALLEGATIONS

17.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class ("The Class") defined as follows:

> All persons in the United States whom Defendant tried to contact via email in an effort to collect an alleged debt that were sent to third persons within one (1) year of filing this complaint wherein Defendant made deceptive representations and failed to disclose rights and obligations of Defendant and consumers in writing.

18.     Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Class' claims are based on the FDCPA.

19.     This action is brought and may be properly maintained as a class action.  This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

20.     Plaintiff and members of The Class were harmed in the same way, namely the following: they were misled by Defendant with respect to the nature,

amount, and legality of the alleged debts and Defendant's rights with respect thereto; and they all felt harassed, annoyed, or anxious as a result of Defendant's conduct.

21.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.   Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

22.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    Whether Defendant engaged in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with collection of a debt;

    b.    Whether Defendant used deceptive means in connection with the collection of debts;

    c.    Whether Defendant used unfair or unconscionable means in connection with collection on a debt;

    d.    Whether Defendant failed to disclose the rights and obligations

in writing of Defendant and consumers; and

    d.    The nature and extent of damages and other remedies to which the conduct of Defendant entitles The Class members.

23.    Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs pursuant to the FDCPA.

24.    Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

25.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court

system, and protects the rights of each Class member.

26.     The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

27.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

28.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.
### (By Plaintiff and The Class)

29.     Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

30.     A debt collector may not engage in any conduct the natural

consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

31.    A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt.  15 U.S.C. §1692e(2)(A).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

32.    A debt collector may not falsely represent any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.  15 U.S.C. § 1692e(2)(B).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

33.    A debt collector may not represent or imply that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector intends to take such action. 15 U.S.C. § 1692e(4).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

34.    A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. 15 U.S.C. §1692e(5).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

35.     A debt collector may not falsely represent or imply that a sale, referral, or other transfer of any interest in a debt shall cause consumer to lose any claim or defendant to payment or become subject to any practice prohibited by this chapter. 15 U.S.C. § 1692e(6) *et seq.*.   By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

36.     A debt collector may not use false representations or deceptive means, in connection with the collection of any debt.  15 U.S.C. §1692e(10).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

37.     A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt.  15 U.S.C. §1692f.  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

38.     A debt collector may not collect any amount, including interest, fees, charges, or expenses incidental to the principal obligation, unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.  15 U.S.C. § 1692f(1).  By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

39.     A debt collector may not fail to disclose in writing within five days after the initial communication with a consumer in connection with collection on a debt a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be

assumed to be valid by the collector. 15 U.S.C. § 1692g(a)(3). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

40.     A debt collector may not fail to disclose in writing within five days after the initial communication with a consumer in connection with collection on a debt a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(a)(4). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

41.     A debt collector may not fail to disclose in writing within five days after the initial communication with a consumer in connection with collection on a debt a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a)(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

42.     As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably

incurred attorney's fees and costs. 15 U.S.C. § 1692k(a)(1)-(3).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. § 1692k;

3. For actual damages according to proof;

4. For reasonable attorneys' fees and costs of suit;

5. For prejudgment interest at the legal rate; and

6. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///
///
///
///
///
///
///

## DEMAND FOR JURY TRIAL

43.   Plaintiff demands a trial by jury of each and every claim so triable pursuant to their rights under the Seventh Amendment to the United States Constitution.


Respectfully submitted,

Dated: January 27, 2017

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


/s/ Todd M. Friedman
Todd M. Friedman
Attorneys for Plaintiff, FERFINA
GARCIA